UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SHOEMAKER     CIVIL ACTION

VERSUS

BURL CAIN, ET AL.     NO.: 10-00344-BAJ

## RULING AND ORDER

Before the Court is the **First Motion to Set Aside Judgment Pursuant to Rule 60(b) (Doc. 26)**, filed by Petitioner, Michael Shoemaker. Petitioner seeks reconsideration of the Court's order adopting Report and Recommendation dismissing Petitioner's 28 U.S.C. § 2254 claims. (Doc. 13). For the reasons that follow, the Motion is **DENIED**

### I. BACKGROUND

On May 31, 2012, the Court adopted the Magistrate Judge's Report and Recommendation finding that Petitioner's habeas petition was untimely filed. (Doc. 13). Specifically, the Court found that Petitioner, who represented himself in his state post-conviction filings,[1] improperly sought reconsideration of the state intermediate appellate court's decision denying him habeas relief. (Doc. 11). Plaintiff alleged that a traumatic brain injury, which he suffered as the result of an unprovoked beating on December 16, 2005, warranted equitable tolling because it permanently "impaired his cognitive functions." (Doc. 12 pp. 13–14). The Court rejected Petitioner's argument and adopted the Report and Recommendation. (Doc.

---

[1] Although Petitioner proceeded pro se during his state post-conviction hearings, he has had counsel for his federal habeas petitions.

13). Over five years later, on November 6, 2017. Plaintiff filed this Rule 60(b) motion based primarily on Petitioner's May, 2016 diagnosis for schizophrenia. (Doc. 26).

## II. LEGAL STANDARD

In a habeas petition brought pursuant to 28 U.S.C. § 2254, a Federal Rule of Civil Procedure 60(b) motion is not a successive petition if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Clark v. Stephens*, 627 Fed. App'x 305, 308 (5th Cir. 2015) (unpublished) (per curiam) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). "[W]here a habeas petitioner merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as a statute of limitations bar, Rule 60(b) empowers a federal court to hear the petitioner's challenge." *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (per curiam).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981)). Similar to the standard under Rule 59(e), "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)) (internal citations omitted). A district court may grant relief under Rule 60(b) for one of six reasons listed therein: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or

2

misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Fifth Circuit has instructed that relief under Rule 60(b)(6) "is mutually exclusive from relief available under sections (1)–(5)." *Hesling*, 396 F.3d at 642 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Furthermore, relief under Rule 60(b)(6) is only warranted when "extraordinary circumstances are present." *Id.* (quoting *Am. Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993)) (internal citation omitted).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 50(c). "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *Id.*

### III. DISCUSSION

Plaintiff argues that this May 2016 diagnosis of schizophrenia shows that Plaintiff was entitled to equitable tolling when the Court rejected his initial habeas petition. (Doc. 26-1 at p. 10).

The Court disagrees. Petitioner argued equitable tolling should apply at the time because of the traumatic brain injury he received while in state custody, but that argument was rejected. (*See* Doc. 13). In other words, Petitioner advanced

3

nearly the same arguments for equitable tolling at the time the Court rejected the initial petition that he would advance now if the Court were to set aside the judgment. Further, Petitioner's diagnosis of schizophrenia made nearly five years after his habeas petition was rejected does not warrant the Court reopening this case because it is not clear from the filings when Petitioner started suffering from schizophrenia. In other words, Petitioner, who is represented by counsel, has failed to specify whether he suffered from schizophrenia at the time—five years prior—he was pursuing his state post-conviction relief, nor has he explained how schizophrenia, which Petitioner admits is episodic, impaired his ability to pursue his post-conviction remedy enough to warrant equitable tolling. Under these circumstances, the Court declines to exercise its discretion to reopen a matter that had been closed over five years when Petitioner filed his Rule 60(b) motion.

Petitioner also argues that he was entitled to relief under Rule 60(b) because in 2012, the Supreme Court released two opinions "that had a significant impact on procedural defaults at the federal level and the availability and effectiveness of legal representation in state post-conviction proceedings." (Doc. 26-1 at p. 11).

Intervening precedent does not entitle an individual to relief under Rule 60(b). See *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation."). Moreover, Petitioner can provide no valid reason for waiting over five years after the Supreme Court handed down these cases to file his motion.

4

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the First Motion to Set Aside Judgment Pursuant to Rule 60(b) (Doc. 26) is **DENIED**.

Baton Rouge, Louisiana, this 4th day of September, 2018.

*[signature]*

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**